Alfred G. Rava (SBN 188318)
RAVA LAW FIRM
3667 Voltaire Street
San Diego, CA 92106
Tel: 619-238-1993
Fax: 619-374-7288
Email: alrava@cox.net

Attorney for Plaintiffs Fuiolevaga Riddick and David Pacheco and Proposed Class Members

UNITED STATES DISTRICT COURT

SOUTHERN DISTRIC OF CALIFORNIA

| | |
|---|---|
| FUIOLEVAGA RIDDICK and DAVID PACHECO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED AIRLINES, INC., a Delaware corporation; and DOES 1 through 10,<br><br>Defendants. | Case No. '20CV2148 H    KSC<br><br>CLASS ACTION COMPLAINT FOR:<br><br>Violation of California Unruh Civil Right Act, Codified as California Civil Code Section 51<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs, on behalf of themselves and all others similarly situated, allege the following:

**NATURE AND BASIS OF AGE DISCRIMINATIN CLAIM**

1.   This case is about Defendant United Airlines, Inc.("United") discriminating against its customers because they were too old, by charging older customers more than younger customers for the same thing, United tickets, based solely on the customers' age.

1

2. On September 10, 2019, United began denying a 10% discount off the price of United flights to customers whom United considered to be too old. On this date, United started exclusively providing customers 18 to 22 years old a 10% discount off United flights ("United's 18 to 22 Year-Old's Discount" or "Discount") while denying the Discount to older customers, including Plaintiffs Fuiolevaga Riddick and David Pacheco, who had the misfortune of being older than 22 years old.

3. United's Discount applied to only United's favored 18 to 22 year-old customers for all travel within the United States, Canada, and Mexico for flights through December 31, 2020 that were purchased from September 10, 2019 through June 30, 2020.

4. Customers fortunate enough to be between the ages of 18 and 22 years old received the Discount by following the following steps:

- Downloading or having already downloaded the latest United app, because 18 to 22-year-olds got the Discount when booking flights on the United app;
- Signing up or having already signed up for a United MileagePlus account, including entering their date of birth;
- Searching for flights on the Unite app and selecting "Book" on the bottom navigation bar;
- Selecting "Discounted travel (18-22)" so the Discount would automatically show up when 18 to 20-year-olds searched for flights; and
- Booking their flight on the United app.

5. United provided the Discount to only 18 to 22-year-old customers. United denied the Discount to customers over 22 years old, including Plaintiff Fuiolevaga Riddick, who was 23 years old when she purchased her United ticket on December 11, 2019, Plaintiff David Pacheco, who was 67 years old when he purchased his United ticket on December 21, 2019, and the members of the two classes defined below.

6.  On December 11, 2019, while in Carson, California, Plaintiff Fuiolevaga Riddick, an African-American woman who was then 23 years old and therefore just above United's arbitrary 22-year-old cutoff for the Discount, and a United MileagePlus member went onto the United app she had downloaded, and purchased a ticket in the economy section of a United flight from Los Angeles to San Francisco scheduled for February 18, 2020. Because she was 23 years of age at the time, and United knew this because Ms. Riddick's United MileagePlus account included her age, United did not permit Ms. Riddick – unless had been untruthful about her age – to select "Discounted travel (ages 18-22)" when she booked and purchased her United ticket on the United app.

7.  Prior to purchasing her United ticket, Ms. Riddick had visited the united.com website's announcement or advertisement for the Discount with the intent to purchase a United ticket. While at United's website that touted United's age-based Discount, Ms. Riddick encountered terms or conditions that excluded Ms. Riddick from full and equal access to United's air travel services because she was too old. Except for Ms. Riddick being too old, she had met all the requirements that United's favored 18 to 22 year-old customers had to meet to receive the Discount. United treated Ms. Riddick unequally and discriminated against her and violated California's Unruh Civil Rights Act, codified as Civil Code section 51, by denying Ms. Riddick the Discount solely because of her age.

8.  On December 21, 2019, in his hometown of San Diego, Plaintiff David Pacheco, a Hispanic, unemployed and disabled U.S. Military veteran 67 years of age, and a United MileagePlus member, went onto the United app he had downloaded, purchased a roundtrip ticket in the economy section of a United flight from San Diego to San Francisco scheduled to leave on March 24, 2020. Because he was 67 years of age at the time, and United knew this because Mr. Pacheco's United MileagePlus account included his age, United did not permit Mr. Pacheco – unless he had been untruthful about his age – to select "Discounted travel (ages 18-22)" when he booked

and purchased his United ticket on the United app.

9. Prior to purchasing his United ticket, Mr. Pacheco had visited the united.com website's announcement or advertisement for the Discount with the intent to purchase a United ticket. While at United's website that touted United's age-based discount, Mr. Pacheco encountered terms or conditions that excluded Mr. Pacheco from full and equal access to United's air travel services because he was too old. Except for Mr. Pacheco being too old, he had met all the requirements that United's favored 18 to 22 year-old customers had to meet to receive the Discount. United treated Mr. Pacheco unequally and discriminated against him and violated California's Unruh Civil Rights Act (Civil Code section 51) by denying Mr. Pacheco the Discount solely because of his age.

10. United's Discount intentionally discriminated against Plaintiffs and other United customers based on their age, and the Discount constituted arbitrary, unreasonable, and/or invidious discrimination.

11. United's Discount constituted a willful and malicious injury by United upon Plaintiffs and the members of the below defined classes and/or upon the property of Plaintiffs and the members of the below defined classes.

12. Civil Code section 51 prohibits business establishments such as United from discriminating against people based on their age as has been repeatedly held by California courts, including the most recent Unruh Act age discrimination case of *Candelore v. Tinder, Inc.* (2018) 19 Cal.App.5th 1138.

13. It is especially troubling and more than a bit hypocritical that United's divisive and exclusive Discount, which excluded consumers who were too old, violated United's own Mission Statement that hypes United's supposed commitment to diversity and inclusion, found at www.united.com/ual/en/us/fly/company/global-citizenship/diversity.html, which reads as follows:

> At United, we define diversity as the range of differences that make individuals unique, including ability, age, ethnicity, gender identification, race, sexual orientation, religious belief and veteran's status. Inclusion is how we leverage these differences to form a genuine community and expand business opportunities.

14. On this same webpage, United's CEO Scott Kirby further touts United's supposed commitment to diversity and inclusion as follows:

> Our shared purpose, "Connecting People, Uniting the World" is about more than being a conduit between global cultures, it is about demonstrating that investing in inclusivity is what is good for our business, our employees, and our customers. We have a tremendous opportunity to build upon our commitment to diversity and inclusion, ensuring our people and processes are as diverse and as far-reaching as the communities we connect and the customers we serve. Our shared purpose drives us to be the best airline for everyone in the United family and beyond.

15. Contrary to United's woke-worded and strategically-placed proclamations about inclusion and diversity, United's ageist Discount was all about exclusion and divisiveness. United's trumpeted promise of inclusion and diversity, at least when it comes to its customers' age, is empty, hollow rhetoric, mere virtue signaling.

16. United's sole reason or motive for employing its Discount was to maximize profit. And twice the California Supreme Court, in the Unruh Act age discrimination case of *Marina Point, Ltd. v. Wolfson* (1982) 30 Cal.3d 721, 740 fn.9 and in the Unruh Act sex discrimination case of *Koire v. Metro Car Wash* (1985) 40 Cal.3d 24, 35, 37 fn.18, and at least once the California Court of Appeal in the above Unruh Act age discrimination case of *Candelore, supra,* at pp. 1153-1154, have all found that profit maximization or economic gain does not justify discrimination.

17. The blanket exclusion of all consumers over 22 years old from receiving the Discount contravened the individual nature of the statutory right to equal access to

a business's accommodations, advantages, facilities, privileges, services, or prices afforded to all persons by the Unruh Civil Rights Act.

18. In the landmark California Supreme Court Unruh Act sex discrimination case of *Angelucci v. Century Supper Club* (2007) 41 Cal.4th 160, 167, the Court, in holding that a discrimination victim did not have to first confront the discriminating busing and affirmatively assert his or her right to equal treatment, perhaps best summarized the purpose and intent of the Unruh Act as follows:

> The Unruh Civil Rights Act (Civ. Code, § 51 et seq.) must be construed liberally in order to carry out its purpose. The act expresses a state and national policy against discrimination on arbitrary grounds. Its provisions are intended as an active measure that creates and preserves a nondiscriminatory environment in California business establishments by banishing or eradicating arbitrary, invidious discrimination by such establishments. The act stands as a bulwark protecting each person's inherent right to full and equal access to all business establishments (§ 51, subd. (b)). The act imposes a compulsory duty upon business establishments to serve all persons without arbitrary discrimination. The act serves as a preventive measure, without which it is recognized that businesses might fall into discriminatory practices.

19. By this action, Plaintiffs Fuiolevaga Riddick and David Pacheco, on behalf of themselves and all others similarly situated, seek redress for United's Discount that denied consumers the equal accommodations, advantages, facilities, privileges, services, or prices based solely on the consumers' age, which is prohibited by Unruh Civil Rights Act.

## PARTIES

20. At all times relevant hereto, Plaintiff Fuiolevaga Riddick has been a resident of Los Angeles County, California. Ms. Riddick was harmed by United's Discount based on her age, which was 23 when she, as a United MileagePlus member,

used the United app while in Carson, California to purchase a United economy ticket on December 11, 2019 for travel on a United flight scheduled for February 18, 2020 from Los Angeles to San Francisco, and United denied her the Discount based solely on her age.

21. At all times relevant hereto, Plaintiff David Pacheco has been a resident of San Diego, California. Mr. Pacheco was harmed by United's Discount based on his age, which was 67 when he, as a United MileagePlus member, used the United app while in San Diego, California to purchase a United economy ticket on December 21, 2019 for travel on a United flight scheduled for March 23, 2020 from San Diego to San Francisco, and United denied him the Discount based solely on his age.

22. At all times relevant hereto, Defendant United Airlines, Inc. ("United") has been an American corporation, headquartered in Chicago, Illinois, incorporated under the laws of the State of Delaware, registered with the California Secretary of State as a corporation with Entity Number C1249108, and with a California registered agent for service of process. United owned and operated the united.com website that advertised and announced United's Discount, United created, advertised, announced, and employed the Discount, and United accepted and processed Plaintiffs' payments for their United air travel tickets described above.

23. The true names and capacities of Does 1 through 10 are unknown to Plaintiffs. When the Does' true names and capacities are learned, Plaintiffs will amend this complaint accordingly. Plaintiffs allege the wrongful acts alleged herein have been committed by defendants and each of them such that each fictitiously named defendant has unequally treated or discriminated against consumers based on the consumers' age.

24. Unless otherwise alleged, whenever reference is made in this complaint to any act of "defendant," "defendants," or to a specifically named defendant, such allegation shall mean that each defendant acted individually and jointly with the other defendant named in the complaint

**JURISDICTION AND VENUE**

25. This Court has subject matter jurisdiction over all of the claims in this action pursuant to 28 U.S.C. § 1332(d)(2), as the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, and it is a class action in which members of the plaintiff classes are citizens of different states than defendants.

26. This Court has personal jurisdiction over United. There is general jurisdiction over United because United conducts substantial business in this District and in the State of California, United employs many workers in this District and in the State of California, and on information and belief United has, at least during the below defined Class Period of between September 10, 2019 and June 30, 2020, (1) sold a substantial number of United Airlines tickets during to customers between the preferred ages of 18 and 22 years old and to customers over the disfavored age of 22 years old, who were in California and/or in this District when they purchased their United ticket for a United flight scheduled from between September 10, 2019 and December 31, 2020, and (2) represented to a substantial number of consumers who were in California and/or in this District and who visited the united.com website with the intent to purchase a United ticket for a United flight scheduled from between September 10, 2019 and December 31, 2020, and were denied the Discount because of the consumers' age so as to render the exercise of personal jurisdiction over them by California courts consistent with traditional notions of fair play and substantial justice.

27. Declaratory and injunctive relief is sought and authorized by 28 U.S.C. §§ 2201 and 2202.

28. Venue is proper is proper in this District under 28 U.S.C. § 1391(b)(1), as upon information and belief, a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## CLASS ALLEGATIONS

29. Plaintiffs bring this class action on their own behalf and on behalf of all other persons similarly situated, under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of two classes, defined as follows:

   a. All persons who, while in California at any time from the period beginning on September 10, 2019 and ending on June 30, 2020 ("Class Period") were 23 years of age and older, used the United app to purchase a United Airlines economy ticket for air travel for anytime from September 10, 2019 through December 31, 2020, and were denied the 10% discount that United provided to only persons between the age of 18 and 22 years old (the "Purchasers Class").

   b. All persons who, while in California at any time from the period beginning on September 10, 2019 and ending on June 30, 2020 ("Class Period"), were 23 years of age and older, visited the www.united.com website with the intent to purchase a United Airlines ticket for air travel for anytime from September 10, 2019 through December 31, 2020, and encountered United's terms or conditions that excluded these persons from the 10% discount that United provided to only persons between the age of 18 and 22 years old (the "Intended Purchasers Class").

30. Not included in the Purchasers Class and the Intended Purchasers Class are the following individuals and/or entities: United Airlines, Inc. and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which United has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; all judges and their staff members assigned to hear any aspect of this litigation, as well

as such judges' immediate family members; and Plaintiffs' counsel and anyone employed by Plaintiffs' counsel.

  31. Plaintiffs reserve the right to modify or amend the definition of the proposed Purchasers Class and Intended Purchasers Class before the Court determines whether certification is appropriate.

  32. This action has been brought and may properly be maintained pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2) and (b)(3) because:

  (a) The Purchasers Class and the Intended Purchasers Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are thousands of members of each of the above classes.

  (b) Common questions of law and fact exist as to all members of the Purchasers Class and the Intended Purchasers Class. These questions predominate over any questions that affect only individual members of the proposed Purchasers Class and the Intended Purchasers Class. These common legal and factual questions include:

    (1) Whether United's Discount unequally treated and discriminated against consumers in California based on the consumers' age;

    (2) Whether United violated California Civil Code section 51); and

    (3) The amount of statutory damages for each and every offense as mandated by California Civil Code section 52 that should be levied against United.

33. Plaintiffs' claims are typical of the claims of the Purchasers Class and Intended Purchasers Class in that Plaintiffs and the Purchasers Class and Intended Purchasers Class have, during the Class Period, purchased United air travel tickets and visited the united.com website with the intent to purchase United air travel tickets and were denied United's Discount based on their age. Plaintiffs and the members of the Purchasers Class and the Intended Purchasers Class are entitled to statutory damages and injunctive relief as a result of United's conduct complained of herein. Moreover, upon information and belief, the conduct complained of herein was unlawful, morally offensive, systemic, and very profitable for United. As a result, the representative Plaintiffs, like all other members of both the Purchasers Class and the Intended Purchasers Class, face substantial risk of the same injury in the future. The factual basis of United's conduct is common to all Class members and represents a common thread of conduct resulting in injury to all members of the Class.

34. Plaintiffs will fairly and adequately protect the interests of the members of both the Purchasers Class and the Intended Purchasers Class. They are members of the proposed members of the Purchasers Class and the Intended Purchasers Class and have no interests adverse to the interests of either Class. Plaintiffs have been treated unequally and discriminated against by United based solely on the Plaintiffs' age. Plaintiffs were charged more for their United tickets because United deemed them too old. This unequal treatment of and discrimination against Plaintiffs based on their age provides Plaintiffs with a substantial stake in this action and the incentive to prosecute it vigorously for themselves and for the members of the Purchasers Class and the Intended Purchasers Class.

35. Plaintiffs have retained competent counsel who is experienced in prosecuting many Unruh Civil Rights Act claims for the unequal treatment of consumers by businesses based on consumers' personal characteristics protected by Civil Code section 51, who is familiar with class actions, and who intends to pursue this action vigorously. Plaintiffs' counsel represented the prevailing plaintiffs/appellants at

1  the California Supreme Court in the landmark Unruh Civil Rights Act sex
2  discrimination case of *Angelucci v. Century Supper Club* (2007) 41 Cal.4th 160.
3  *Angelucci* held that African-Americans, Hispanics, women, men, members of the
4  LGBTQ community, and other groups discriminated against by businesses do not have
5  to confront a discriminating business and affirmatively assert their right to equal
6  treatment in order to have standing to file an Unruh Act claim.

7      36. Plaintiffs' counsel represents Plaintiff Allan Candelore for Mr.
8  Candelore's ongoing Unruh Act age discrimination class action lawsuit against the
9  matchmaking app Tinder for its eponymously named Tinder Plus premium service that
10 has charged consumers 30 years of age and older twice as much as consumers under 30
11 – $19.99/month vs. $9.99/month – for the exact same matchmaking service. In
12 December of 2015, the Los Angeles County Superior Court had dismissed Mr.
13 Candelore's lawsuit after sustaining Tinder's demurrer by ruling that the Unruh Act did
14 not protect Tinder customers 30 years of age and older from age discrimination, and a
15 business's discrimination against older customers was justified by a business's interest
16 in maximizing profits. But on January 29, 2018, the Court of Appeal in *Allan Candelore
17 v. Tinder, Inc.* (2018) 19 Cal.App.5th 1138, righted that wrong by reversing the trial
18 court and ruling that the Unruh Act does indeed prohibit businesses from discriminating
19 against consumers based on their age and soundly rejected a business's interest in
20 maximizing profits as a justification for charging older customers more than younger
21 customers for the exact same thing.

22     37. Plaintiffs' counsel represented the African-American and Latino class
23 representatives in the Unruh Act case of *Bert Riddick et al. v. Facebook, Inc.*, United
24 States District Court, Northern District of California, San Francisco Division Case No.
25 3:18-cv-04529-LB, which resulted in Facebook's approximately 2.7 billion average
26 monthly active users no longer being treated unequally by Facebook's ad platform
27 based on the users' age, sex, race, religion, marital status, citizenship, national origin,
28 or primary language.

38.     Plaintiffs' counsel consulted for the prevailing plaintiff's (and putative class's) counsel in the California Supreme Court's most recent Unruh Act case of *White v. Square, Inc.* (2019) 7 Cal.5th 1019. *White* was about a business advertising or announcing its disparate treatment of consumers on the business's website, and the California Supreme Court held, "We conclude that a person who visits a business's website with intent to use its services and encounters terms or conditions that exclude the person from full and equal access to its services has standing under the Unruh Civil Rights Act, with no further requirement that the person enter into an agreement or transaction with the business. We disapprove *Surrey v. TrueBeginnings, LLC* (2008) 168 Cal.App.4th 414, to the extent it is inconsistent with this opinion."

39.     Plaintiffs' counsel also represented the plaintiff in the 2008 *Surrey* case that the California Supreme Court mercifully disposed of in *White v. Square, Inc.* "Mercifully" because the Court of Appeal in *Surrey* had ruled and made the "bright-line" rule that, e.g., if a California country club required African-Americans to pay a $50,000 initiation fee for a country club membership but required Caucasians to pay only a $5,000 initiation fee, African-Americans would have to first pay the discriminating country club the race-based $50,000 initiation fee in order have standing for an Unruh Act discrimination claim.

40.     The Judicial Council regularly asks for Plaintiffs' counsel's advice when the Judicial Council considers amending the CACI jury instructions relating to Civil Code sections 51 and 52, and the Judicial Council has incorporated several of Plaintiffs' counsel's suggested amendments into its revised jury instructions for these statutes.

41.     Plaintiffs' counsel has voluntarily consulted for the State Bar of California several times to change the Bar's existing or planned discriminatory policies or practices. In 2013, Plaintiffs' counsel convinced the State Bar to amend the application requirements for the Bar Foundation's Diversity Scholarship so that now all law school students, no matter their race, color, or national origin, are eligible for the Bar Foundation's Diversity Scholarships. That same year, Plaintiffs' counsel again

voluntarily consulted with the Bar and convinced the Bar, which was concerned about the mental acuity of older members, to scrap its misguided plan to require members of the State Bar of California who were 50 years of age and older, lawyers and judges alike, to (1) pass continuing education courses, (2) pass assessment tests, (3) take classes on how to wind down or pass on their law practice, and (4) undergo peer counseling, presumably from a peer who already passed the above age-based courses, tests, and classes.

42. Plaintiffs assert that questions of law or fact common to the member of the Purchasers Class and the Intended Purchasers Class predominate over any questions affecting only individual members.

43. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. On information and belief, most members of either class were not aware, and still are not aware, that United unlawfully treated them unequally and unlawfully discriminated against them based on their age. Therefore, absent a class action, class members will not even know they have legally recognizable age discrimination claims against United.

44. Even if members of the Purchasers Class and the Intended Purchasers Class themselves could afford such individual litigation, the court system might not. Given the legal and factual issues involved and considering that the Purchasers Class and the Intended Purchasers Class could number in the tens of thousands, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard that may otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

45. United has acted in ways generally applicable to the Purchasers Class and the Intended Purchasers Class, thereby making appropriate final and injunctive relief

1  regarding members of the Purchasers Class and the Intended Purchasers Class as a
2  whole.
3      46.    The names and addresses of the putative class members are available from
4  and can be ascertained by United and by several other means. To the extent required by
5  law, notice will be provided to the prospective class members easily, effectively, and
6  efficiently via United electronically sending notice to its users, or by use of techniques
7  in a form of notice that has been used customarily in class actions, subject to court
8  approval, such as through social media sites and by first-class mail.
9      47.    United's conduct as described above is unlawful, is capable of repetition,
10 and will continue unless restrained and enjoined by the Court.

## CAUSE OF ACTION
### Violation Of The Unruh Civil Rights Act, California Civil Code Section 51

48.    Plaintiffs incorporate in this cause of action the allegations contained in the preceding paragraphs of this Complaint as if they were set out in full herein.

49.    United is a "business establishment" within the meaning of California Civil Code 51.

50.    By intentionally denying Plaintiffs and the Purchasers Class and the Intended Purchasers Class full and equal accommodations, advantages, facilities, privileges, services, and/or discounts by denying Plaintiffs and the Purchasers Class and the Intended Purchasers Class the Discount based on their age, United violated California's Unruh Civil Rights Act, which is codified as California Civil Code section 51.

51.    A substantial motivating reason for United's conduct was the age of Plaintiffs and the Purchasers Class and the Intended Purchasers Class.

52.    United's Discount harmed and damaged Plaintiffs and the Purchasers Class and the Intended Purchasers Class.

53. United's Discount was a substantial factor in causing harm and damages to Plaintiffs and the Purchasers Class and the Intended Purchasers Class.

54. Pursuant to Civil Code section 52, United is liable to Plaintiffs and the members of the Purchasers Class and the Intended Purchasers Class for the statutory damages mandated by Civil Code section 52 for each and every offense, and attorneys' fees that may be determined by the court in addition thereto.

55. Pursuant to Civil Code section 52, injunctive relief is necessary and appropriate to prevent United from repeating its discriminatory actions as alleged above. Plaintiffs are entitled to injunctive relief on behalf of themselves and the Purchasers Class and the Intended Purchasers Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1. Declare that United's pattern or practice described above regarding United's age-based Discount violates California Civil Code section 51;

2. Enter an order providing equitable and injunctive relief permanently enjoining United from engaging in unequal treatment of California consumers based on the consumers' age in violation of California Civil Code section 51;

3. Certify a Purchasers Class and an Intended Purchasers Class under Rule 23(a) and (b)(2) and (b)(3) of the Federal Rules of Civil procedure, appoint Plaintiffs' counsel as Class Counsel, and appoint the named Plaintiffs as the Class Representatives;

4. For statutory damages mandated by and pursuant to California Civil Code section 52 for each and every offense committed by United against Plaintiffs and each member of the Purchasers Class and the Intended Purchasers Class, totaling more than $5,000,000;

5. For an award of reasonable attorneys' fees pursuant to California Civil Code section 52 and California Code of Civil Procedure section 1021.5, and an award of litigation costs reasonably incurred; and

6. For such other and further legal and equitable relief as this Court may deem proper, appropriate, justified, or equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and 29 U.S.C. § 623(c)(2), Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: November 3, 2020            Respectfully Submitted

   *s/ Alfred G. Rava*
Alfred G. Rava (Cal. Bar No. 188318)
RAVA LAW FIRM
3667 Voltaire Street
San Diego, California 92106
Phone: 619-238-1993
Fax: 619-374-7288
E-mail: alrava@cox.net
*Attorney for Plaintiffs Fuiolevaga Riddick, David Pacheco and the Proposed Classes*